CARROLL, DONALD K., Acting Chief Judge.
The plaintiff in an action to enjoin the defendant Canal Authority from expending public monies to acquire the fee simple title to a certain parcel of land has appealed from a final order entered by the Circuit Court for Duval County, dismissing the plaintiff’s cause with prejudice.
The principal question presented for our determination in this appeal is whether the said court committed reversible error in granting the defendants’ said motion with prejudice.
The defendant Canal Authority of the State of Florida is a body corporate under the laws of the State of Florida, with headquarters in Jacksonville, Duval County, Florida, and is empowered by Chapter 374, Florida Statutes, to acquire lands for the Cross Florida Barge Canal and to transfer such lands to the United States Government. In its operations the Authority .works closely with the U. S. Army Corps of Engineers. The other defendants are the directors of the Authority.
In its complaint, briefly stated, the plaintiff alleges: that on March 18, 1969, the defendant Authority filed a petition in condemnation and a declaration of taking in the Circuit Court for Marion County, Florida, seeking the fee simple title to certain lands (referred to as Parcels No. 1, 2, 3, 4, and 5) in Marion County; that, after a hearing, that court entered an order of taking on May 16, 1969, holding that the Authority was entitled to take and acquire a fee simple title to Parcels No. 2, 3, 4, and 5 but only a perpetual easement as to Parcel No. 1 since the evidence showed that only an easement was necessary as to Parcel No. 1; that the Authority elected not to appeal the said order of taking; and that:
“ * * * by subterfuge is attempting to circumvent the order entered in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, and is attempting to illegally and unlawfully expend $500,000.00 of public money by depositing the same with the United States Army Corps of Engineers to cover the costs of expenses and the cost of acquisition in fee simple of substantially the same lands of Ocala Manufacturing, Ice and Packing Company as the Canal Authority of the State of Florida attempted to illegally and unlawfully acquire in Case No. 69-302 in the Circuit Court, Fifth Judicial Circuit in and for Marion County, Florida, and that such attempted expenditure of public funds is for an illegal and unlawful purpose.”
The Authority sought and was granted a rehearing on June 2, 1969, on the said order of taking as to Parcel No. 1. The Marion County Circuit Court, however, declined to alter its determination. At this time the Authority presented to the court a motion to dismiss Parcel No. 1 from the condemnation action. By its order dated June 2, 1969, the court granted the said motion.
At the hearing in the case at bar on the several motions filed by the defendants, evidence was adduced by the parties to establish the following facts:
After the Authority moved to dismiss Parcel No. 1 from the condemnation action in the Marion County Circuit Court and *731 elected not to appeal from the said order of taking, the Authority requested the United States Government, Department of the Army, to file in the U. S. District Court for the Middle District of Florida a condemnation action to condemn the fee simple title to the lands comprising Parcel No. 1. On August 29, 1969, prior to the filing of the complaint in the case at bar, the Authority deposited the sum of $500,-000 of its funds with the Treasurer of the United States to pay for the acquisition of substantially the same lands as in Parcel No. 1 and for defraying the expenses thereof, any unused portion to be returned to the Authority. On April 4, 1970, the present case was filed.
In the case at bar a hearing was held before the Duval County Circuit Court on the defendants’ motion to strike the complaint as a sham under Rule 1.150, Florida Rules of Civil Procedure, 30 F.S.A., a motion of the defendants to strike portions of the complaint, and the individual defendants’ motions for summary judgment. All of these motions were granted in the final order of dismissal appealed from herein, in which order the court also dismissed this cause “with prejudice.”
This appeal, therefore, is in a very complex posture, from the judicial point of view, for we are called upon to rule whether Duval County Circuit Court correctly granted the defendants’ motion to strike the plaintiff’s complaint as a sham under Rule 1.150, Florida Rules of Civil Procedure; correctly granted the defendants’ motion to dismiss the complaint; correctly granted the defendants’ motion to strike certain portions of the complaint; correctly granted the motions of the defendants Evans, Reiter, Hepworth, Hill, and Smith for summary judgments; and, even if the foregoing motions were properly granted, whether the court correctly dismissed the plaintiff’s cause “with prejudice.”
We are especially concerned with the fact that in the order appealed from the court dismissed the plaintiff’s cause with prejudice. There was considerable evidence adduced at the hearing on the several motions, evidence that went beyond the allegations of the plaintiff’s complaint.
Rule 1.190, subdivision (b), Florida Rules of Civil Procedure, provides in pertinent part:
“ * * * If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice him in maintaining his action or defense upon the merits.”
Rule 1.010, Florida Rules of Civil Procedure, provides: “These rules shall be construed to secure the just, speedy and inexpensive determination of every action.”
In the light of this last provision and the above-quoted provision in Rule 1.190(b), we hold that the Duval County Circuit Court erred in entering the order appealed from granting the mentioned motions and dismissing the plaintiff’s cause with prejudice.
In view of this holding, we need not, and we do not, pass upon the question whether the plaintiff, in his complaint as now framed, has sufficiently stated a cause for injunctive or other relief. All we are holding here is that we cannot say, as a matter of law, that the plaintiff would be unable to amend its complaint to state a case for relief against the defendants. It was, therefore, error to dismiss its cause with prejudice, without giving the plaintiff the opportunity to amend his complaint to conform to the evidence adduced at the hearing and to allege such other facts as it may deem appropriate to allege in the complaint. Certainly the complaint was not a sham as contemplated by Rule 1.150, Florida Rules of Civil Procedure.
*732 By way of pure obiter dictum, we observe that the plaintiff has raised herein an intriguing juridical question as to whether the Authority acted improperly in filing a condemnation action in the Circuit Court for Marion County, Florida, in order to acquire the fee simple title to Parcel No. 1, and then, when that court ruled against the Authority for failure to prove the necessity for such taking, dismissed that parcel from the condemnation proceedings and took steps to file a new condemnation action in a federal district court, seeking there to obtain the fee simple title to Parcel No. 1, which title they were denied in the Circuit Court.
It cannot be questioned that the Marion County Circuit Court and the federal district court have concurrent jurisdiction of such eminent domain proceedings to acquire land in Marion County. The Authority is a creature and agency of the State of Florida, and it first elected to submit the question to the Marion County Circuit Court, which was a court of competent jurisdiction of the sovereignty that created the Authority. Then, when the Authority lost in the said court, it in effect "shopped around” for another court of concurrent jurisdiction that might rule with the Authority. We do not here, however, pass upon the question whether the said “shopping around” was illegal or whether the Authority, by first filing the eminent domain proceedings in the state court, made a final election as to what court would have jurisdiction or otherwise wiaved its right to file similar proceedings in the federal district court.
For the foregoing reasons the order appealed from must be, and it is, reversed and the cause is remanded with directions for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
RAWLS, J., and MELVIN, WOODROW M., Associate Judge, concur.